IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 2:05-cv-971-ID-CSC |
| | ) |
| WEBSTER INDUSTRIES,<br>    Defendant. | )<br>)<br>) |

## BRIEF

COMES NOW Plaintiff Darrell Hinson against the above-captioned defendant and would show unto the Court as follows:

The Court has ordered Plaintiff to submit a brief enumerating his damages so that the Court can enter a final judgment upon the defendant's default.

This case is brought under both 42 U.S.C. § 1981 and 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964), claiming discrimination on the basis of race. All administrative and procedural prerequisites have been satisfied.

The remedies that are available to Plaintiff include compensatory and punitive damages, back pay, reinstatement or front pay, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees. In cases brought solely under Title VII, compensatory and punitive damages are limited to $300,000 as against employers which employ more than 500 workers. 42 U.S.C. § 1981a. Title VII does not predominate in this case, however; 42 U.S.C. § 1981 does, as the law prefers recoveries under § 1981. Pursuant to § 1981a(a)(1), the limited damages available under Title VII are available "provided the complaining party cannot recover under section 1981 of this title." Since Plaintiff can recover under § 1981, his damage recovery is not subject to the §

1981a limitations.

It should be noted that, even in recoveries solely under Title VII, front pay and back pay are not subject to § 1981a limitations. *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843 (2001); 42 U.S.C. § 1981a(b)(2).

Regarding compensatory and punitive damages, an award of compensatory damages is subject only to proof of those damages. See *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir.1985) (affirming compensatory damages award of $100,000 because of emotional distress and humiliation plaintiff suffered as a result of being denied promotions on account of race).

Punitive damages, on the other hand, require proof of a different sort. The Eleventh Circuit has followed Supreme Court doctrine that the appropriateness of punitive damages rests on the defendant's state of mind. In order to be liable for punitive damages an employer must act with "knowledge that it may be acting in violation of federal law." *Alexander v. Fulton County, Ga.* 207 F.3d 1303, 1344 (11th Cir.,2000), quoting from *Kolstad v. American Dental Ass'n.*, 119 S.Ct. 2118, (1999). Pursuant to *Kolstad*, specific intent to violate the law is not required; such punitive damages also available if the employer acts "in the face of a perceived risk that its actions will violate federal law." *Kolstad*, 119 U.S. at 2125.

In the case *sub judice*, it is undisputed that Plaintiff has suffered equitable economic injury in the form of lost wages and benefits, as well as severe emotional distress and mental anguish. (Affidavit of Plaintiff, Exhibit 1, and exhibits thereto).

Plaintiff has also incurred $250.00 in expenses in the form of filing fees in this Court, $16.20 in postage (certified mail for service), and $6.00 in photocopying expense.

Counsel for Plaintiff has expended a minimum of 24.24 hours and his paralegal has

expended a minimum of 1.8 hours in pursuit of this case (Affidavit attached, Exhibit 2, and exhibits thereto), for which he requests reimbursement for himself at the reasonable rate of $275.00 per hour and for his paralegal at the reasonable rate of $75.00 per hour, for a total of $6,801.00.

The Court is respectfully requested to enter judgment for Plaintiff and against the defendant in the amount of $47,370.00 for back pay, $34,957.00 as a reasonable amount of front pay,[1] and $300,000 in compensatory damages, plus attorneys' fees in the amount of $6,801.00, and costs in the amount of $272.20 for all of which execution may issue.

RESPECTFULLY SUBMITTED on this the 4th day of January, 2006.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

---

[1] Plaintiff worked for Webster Industries (Bes Pak) from February, 2002, and was terminated in April 2004. When he was terminated, he was working a scheduled 60 hours per week at a base hourly rate of $11.97 for the first 40 hours and $17.96 for the next 20 hours, for an annualized pay (with some additional overtime) of $46,804.00 during calendar year 2003. For all the jobs he held and the self-employment income he generated during the nine months of 2003 following his termination, he earned approximately $9,111.00, for an annualized income of $12,144.00. During 2005, Plaintiff worked for Alabama Food Service and Pemberton Truck Line, earning a total of $29,326.00 for the year. For back pay calculations, Plaintiff has taken the difference between what he would have earned at Webster Industries and what he has actually earned for the ensuing 22 months through January, 2006, to arrive at back pay of $47,370.00. For front pay, Plaintiff is requesting two years of the difference between his average monthly wage at Webster Industries and his average for the year 2005, to arrive at a total front pay request of $34,957.00. Plaintiff emphasizes that this requests already takes mitigation into account.