IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON,           ) | |
|     Plaintiff,             ) | |
|                             ) | |
|     v.                     ) | Civil Action No. 2:05-cv-971-ID-CSC |
|                             ) | |
| WEBSTER INDUSTRIES,        ) | |
|     Defendant.             ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW Plaintiff Darrell Hinson against the above-captioned defendant and would show unto the Court as follows:

A defaulting party may move the Court to set aside a clerical default and even a default judgment under Rule 55(c), F.R.Civ.P. The Eleventh Circuit has established that the party seeking relief must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir.1990). To demonstrate a "good reason" the party must establish that it is entitled to relief because of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(1), F.R.Civ.P.

Plaintiff agrees that the defendant has asserted a meritorious defense, if its allegations are to be believed. Plaintiff submits, however, that excusable neglect does not exist in this case. The instant matter is strikingly similar to the case of *National Railroad Passenger Corp. v. Patco Transport, Inc.*, 2005 WL 901902, (11th Cir., 2005), in which the employee who was usually in charge of the clerical handling of litigation had recently been deployed to Iraq and the new

-1-

secretary mistakenly or inadvertently violated the defaulting company's procedures by creating a litigation file and including the Complaint in that file rather than forwarding it on to the company's insurance company. Consequently, the defaulting party never answered the complaint because the "right people" never got the complaint. The district court entered a default judgment and refused to set it aside. In its appeal, the defaulting party asserted the defense of excusable neglect.

The Court of Appeals disagreed, holding that the defaulting company did not have an adequate procedure for following up with its insurance company to inquire as to whether a complaint had been received and was being pursued.

Eleventh Circuit precedent indicates that default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a complaint is being taken does not constitute default through excusable neglect. *Id.* See also, *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir.1976).

In this case, the defendant knew of its executive's pending retirement, but failed to establish minimum procedural safeguards to make sure that his replacement properly responded to the receipt of a complaint. This may be, as the defendant suggests, a "plausible excuse", but it is not excusable neglect.

Plaintiff is mindful that default judgments are disfavored in this Circuit, in that there is a strong policy in favor of giving defendants their day in court. In fact, Plaintiff's counsel decries "gotcha" litigation tactics. Nonetheless, counsel is bound to assert on his client's behalf that the defendant's application to set aside the default in this case should fail for lack of satisfaction of the elements it must establish in order to be entitled to vacation of the judgment.

WHEREFORE, the premises considered, Plaintiff prays that the Court will overrule and deny the defendant's motion to set aside and vacate the entry of default in this case. In the alternative, Plaintiff prays that the Court will award Plaintiff reasonable fees and costs incurred in obtaining and litigating this matter to date.

RESPECTFULLY SUBMITTED on this the 29th day of August, 2006.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on the following counsel or parties, by CM/ECF, by placing a copy of such in the United States mail, properly addressed and first class postage prepaid, or by hand delivery, on this the 29th day of August, 2006.

Hon. Thomas T. Gallion, III
Hon. Jamie A. Johnston

/s/JAY LEWIS
Jay Lewis
LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-lewis@jaylewislaw.com
ASB-2014-E66J
Counsel for Plaintiff