IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05cv971-ID |
| | ) |
| WEBSTER INDUSTRIES, | ) |
| | ) |
| Defendant. | ) |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO SET ASIDE
AND VACATE ENTRY OF DEFAULT

**COMES NOW** Defendant Chelsea Industries, Inc., improperly identified in the Complaint as Webster Industries, and submits this reply memorandum of law in support of its Motion to Set Aside and Vacate Entry of Default, which specifically responds to the Plaintiff's Response to Order to Show Cause filed in the above styled cause of action. The Defendant relies upon its previously submitted Memorandum of Law in Support of Defendant's Motion to Set Aside and Vacate Entry of Default as if fully set forth herein. For the convenience of the Court, this Reply Memorandum shall only address the issues raised by the Plaintiff in his Response to Order to Show Cause. The Defendant offers the following:

I.    **Standard of Review**

Pending before this Court is Defendant's Motion to Set Aside and Vacate Entry of Default. Rule 55 of the Federal Rules of Civil Procedure governs entry and vacation of defaults. Specifically, Rule 55(c) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "For **good cause** shown, the court may set aside an entry of default..."

This Court is cloaked with the discretion to enter defaults and can pursuant to Rule 55(c) vacate prior entries of default for good cause shown. Entry of judgment by default is an extreme remedy, which should be used on a limited basis and only in extreme situations. *Gill v. Tillman,* F.Supp.2d, 2001 WL 395051 (S.D. Ala. 2001)(quoting *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985)(citing *Flaska v. Little River Marine Construction Co.,* 389 F.2d 885, 887 (5th Cir. 1968), cert. Denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed. 2d 1387 (1968)); *accord Davis v. Parkhill-Goodloe Co.,* 302 F.2d 489, 495 (5th Cir. 1962)("We need only briefly mention that we concur fully in the trial Judge's refusal to grant the plaintiff a default judgment... Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the defendant to the end of securing a trial upon the merits.")(citing 6 Moore, Federal Practice 55.01(1) at 1829)). Generally, defaults are disfavored because of the strong public policy of deciding cases on the merits. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir. 1984).

Noting that other considerations may also be appropriate, the Court generally considers the following factors in order to determine whether "good cause" under Rule 55(c) exists: "(1) whether the defaulting party took prompt action to vacate default; (2) whether the defaulting party provided plausible excuse for default; (3) whether the defaulting party presented meritorious defense; and (4) whether the party not in default will be prejudiced if default is set aside." *In re Tires and Terms of Columbus, Inc. v. Wallace A. Kitchen, et* al, 262 B.R. 885 (M.D. Ga, 2000)(See also, *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951

2

(11th Cir. 1996)).

The Eleventh Circuit has specifically stated that the standard for setting aside a default is different and less burdensome than the standard for setting aside a default judgment where monetary damages have been awarded in favor of the Plaintiff against the Defendant. *Barrett v. Citifinancial Services, Inc.*, 2006 WL 1275060 (M.D. Fla. 2006) (citing *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir.1990). "Good cause" is a liberal standard. *Id* (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana DeAviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). The "good cause" standard is not to be confused nor construed with the standard set out in Federal Rules of Civil Procedure 60(b), as the Plaintiff does in his Response to Order to Show Cause. *ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company v. Oncology Hematology Centers of Atlanta, P.C.*, 2006 WL 1147350 (M.D.Ala. 2006)(citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988); *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th 1985)). The Plaintiff's reliance on *National Railroad Passenger Corp. v. Putco Transport, Inc.*, 2005 WL 901902, (11th Cir., 2005) is misplaced because good cause standard is not applied. The Court in this case should be guided by the Good Cause Shown standard rather than the more rigorous excusable neglect standard.[1]

## II.    Discussion[2]

As the Defendant has demonstrated, consideration of the good cause shown

---

[1] The Eleventh Circuit has ruled that the "good cause standard" for setting aside an entry of default is "less rigorous" for the movant than the "excusable neglect standard" for setting aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

[2] As stated herein, the Defendant relies upon its Memorandum of Law in Support of Defendant's Motion to Set Aside Default. This discussion will be of a limited nature simply to address the issues raised by the Plaintiff in his Response to this Court's Order to Show Cause.

standard and consideration of the foregoing factors, the entry of the default is due to be set aside.

First, the Defendant has established that it took prompt action to vacate the default once the Defendant knew of the entry of the default. In fact, the Defendant retained counsel on the same day it learned of the entry of default and within two days Defendant filed a Motion to Set Aside Default and Supporting Memorandum of Law. Clearly the Defendant satisfied the first element by acting to set aside the default within a reasonable time. *In re Tires and Terms of Columbus, Inc., supra.* (citing *Rogers v. Allied Media, Inc. (In re Rogers),* 160 B.R. 249, 251-52 (Bankr.N.D.Ga. 1993)(citing *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir.1990)).

Under the second factor, the Defendant has established a plausible excuse for the default. As noted above, the standard is not excusable neglect but rather plausible excuse. The absence of a timely answer was not the willful conduct of the Defendant in an effort to disregard the judicial process. The Defendant's internal procedure for handling the receipt of certified mail was violated and in doing so the lawsuit was never brought to Mr. Leef's replacement's attention. Secondly, the Defendant was served on the same day that Mr. Leef, the man responsible for almost ten (10) years for handling assignment of legal matters, retired. The Complaint was placed with Mr. Leef's files and was never provided to other management after his retirement. Furthermore, Mr. Leef's replacement and the Human Resources Manager erroneously, yet with good cause, thought that the Hinson matter was resolved because of the dismissal from the EEOC. Lastly, Webster's counsel during the EEOC matter was the undersigned. The Plaintiff knew of the representation and never served upon the undersigned the Complaint, any

4

filings with the Court, including, but not limited to, the Motion for Default. Accordingly, the Defendant has satisfied and shown that the absence of an answer was not willful conduct of the Defendant and that there was a clear, plausible excuse for failing to timely answer the Complaint. Mr. Leef retired on or about the same date the Complaint was received and during the transition of Mr. Leef with his replacement, it was not brought to Mr. Leef's replacement's attention for appropriate handling. An unauthorized clerk signed for the Complaint, rather than a member of senior management, who would have been aware of the time sensitive nature of the Complaint. Neither the undersigned nor Webster was served with the Motion for Default, despite the knowledge of the Plaintiff of the involvement of the undersigned. The existence of each of these plausible excuses satisfies this factor of the good cause standard.

Thirdly, as recognized and acknowledged by the Plaintiff, the Defendant has a meritorious defense to the claims presented by Hinson in his Complaint. A prima facie claim of race discrimination requires that a non-minority replace the complainant. In the present case, however, Mr. Hinson was not replaced with a non-minority. Therefore, the Plaintiff cannot establish a prima facie case of race discrimination. Accordingly, the Defendant has established a meritorious defense as required under the good cause standard. Further, even if we assume for discussion purposes that Hinson can satisfy a prima facie case, Webster has offered a legitimate non-discriminatory reason for Hinson's termination. The evidence presented to this Court is that Hinson was terminated for gross violation of safety procedures that could have resulted in severe injury and significant property damages. Based on the above, Hinson is unable to maintain a charge against Webster for race discrimination under Title VII of the Civil Rights Act of 1964.

Hinson also claims that Webster violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101-12213, when it terminated his employment. A prima facie case of discrimination under ADA in an employment termination situation is established by showing that: (1) the employee was disabled; (2) the employee is qualified to perform, with or without accommodation; (3) the employer terminated the employee because of her disability. *Pritchard v. Southern Company Services,* 92 F.3d 1130, 1132 (11th Cir. 1996). Hinson was stabbed in his neighborhood. (¶ 10, Exhibit "A" of the Defendant's Memorandum of Law in Support of Defendant's Motion to Set Aside Default). As a result of the stabbing, Hinson suffered certain medical injuries, which ultimately required surgery. Hinson was absent from Webster for a period of approximately two months. Thereafter, Hinson returned to Webster's employment **without** any limitations. (¶ 11, Exhibit "A" of the Defendant's Memorandum of Law in Support of Defendant's Motion to Set Aside Default). He did not have a disability nor was he perceived to have a disability given his complete recovery and the fact he returned to his employment without any limitation. Thus, Hinson cannot maintain an ADA claim and again the Defendant has established a meritorious defense to the Plaintiff's allegations.

Lastly, the entry of default should be set aside because Plaintiff will not be prejudiced should this Court set aside the default entered against the Defendant. The relief requested by the Defendant is being made within 6 days of the entry of default, and two days within the date the Defendant received the Order.

**III.    Conclusion**

The Defendant has shown that it took prompt action to vacate the default, provided a plausible excuse for the default, presented a meritorious defense and that the

Plaintiff would not be prejudiced by the setting aside of the entry of default.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, pursuant to Rule 55(c), the Defendant respectfully requests this Court to set aside the default entered against it and for any other relief it may be entitled under these circumstances.

Respectfully submitted,

/s/ Thomas T. Gallion, III

_____

Thomas T. Gallion, III
Jamie A. Johnston
Attorneys for the Defendant

OF COUNSEL:

Haskell Slaughter Young & Gallion, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573      Telephone
(334) 264-7945      Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing upon the following by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid, this the 30th of August 2006:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103

/s/ Thomas T. Gallion, III

_____

OF COUNSEL

#21942
83562-023

7