IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05cv971-ID |
| | ) |
| CHELSEA INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW** Defendant Chelsea Industries, Inc., and answers the First Amended Complaint filed in the above styled cause of action as follows:

Defendant answers the allegations in the Complaint by denying allegations not expressly admitted.

### FIRST DEFENSE

The Complaint and each count therein against the Defendant fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims fail because they exceed the scope of the EEOC charges against this Defendant.

### THIRD DEFENSE

Plaintiff has or may have failed to exhaust all administrative remedies.

### FOURTH DEFENSE

Plaintiff's claims are or may be barred to the extent that they have failed to reasonably mitigate their claimed damages, their entitlement to which is expressly

denied.

## FIFTH DEFENSE

Plaintiff's claims are due to be dismissed because the decisions of which the Plaintiff complains were made without regard to Plaintiff's race.

## SIXTH DEFENSE

Defendant pleads the general issue and state that they are not guilty of any discrimination, harassment, retaliation or hostile work environment.

## SEVENTH DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claims against the Defendant are due to be dismissed because there was a legitimate, non-discriminatory reason for the Defendant' actions.

## NINTH DEFENSE

Plaintiff has not or may not have fulfilled the conditions precedent to the institution of this action.

## TENTH DEFENSE

Plaintiff's claims are due to be dismissed because Plaintiff was not treated any differently than the other employees who were not members of protected groups.

## ELEVENTH DEFENSE

Plaintiff's claims are or may be barred by the doctrines of waiver and/or estoppel.

## TWELFTH DEFENSE

The alleged adverse employment action of the Defendant was not intentionally malicious, negligent or reckless.

### THIRTEENTH DEFENSE

Even if Plaintiff's race was a factor in the alleged adverse employment actions, which it was not, the same decisions would have been made without regard to race.

### FOURTEENTH DEFENSE

Defendant denies that any of their actions proximately caused any of the alleged damages claimed by Plaintiff in the Complaint.

### FIFTEENTH DEFENSE

Plaintiff cannot sue for events occurring more than 180 days prior to the date of their EEOC charges.

### SIXTEENTH DEFENSE

Plaintiff is not entitled to any of the relief he seeks in the Complaint.

### SEVENTEENTH DEFENSE

Plaintiff's claims for equitable relief are barred by laches.

### EIGHTEENTH DEFENSE

Plaintiff's claims for equitable relief are barred because he has unclean hands.

### NINETEENTH DEFENSE

Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

### TWENTIETH DEFENSE

Plaintiff's claims for hostile work environment are due to be dismissed because Plaintiff cannot demonstrate that any actions of the Defendant created an objectively abusive and hostile atmosphere.

### TWENTY-FIRST DEFENSE

Plaintiff's retaliation claims are due to be dismissed because Plaintiff cannot demonstrate that they engaged in protected activity, that they suffered an adverse employment action, or that there is a causal link between such protected activity and any adverse employment action.

## TWENTY-SECOND DEFENSE

Plaintiff has suffered no damages.

## TWENTY-THIRD DEFENSE

Some of Plaintiff's requests for injunctive relief should be dismissed because they are moot, or because Plaintiff lacks standing to seek such relief.

## TWENTY-FOURTH DEFENSE

Defendant pleads improper service and improper jurisdiction.

## SPECIFIC RESPONSES

1. Defendant denies paragraph one of the Complaint and demands strict proof thereof.

2. Defendant denies paragraph 2 of the Complaint and demands strict proof thereof.

3. Admitted.

4. Webster Industries is improperly named in the Complaint. Webster Industries is more properly named as Chelsea Industries. Chelsea Industries is located in Peabody, Massachusetts, with a division known as Webster Industries, Inc., located in Montgomery County, Alabama.

5. Defendant denies paragraph five of the Complaint and demands strict proof thereof.

6. Defendant denies paragraph six of the Complaint and demands strict proof thereof.

7. Defendant denies paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant denies paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant expressly adopts all preceding paragraphs of this Answer as if fully set forth herein.

10. Admitted.

11. Defendant denies paragraph 11 of the Complaint and demands strict proof thereof.

12. On or about April 14, 2004, Plaintiff was suspended pending investigation of Plaintiff's gross safety violation.

13. On or about April 20, 2004, Plaintiff was terminated for the gross safety violation consistent with the applicable policies and procedure.

14. Defendant denies paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant denies paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant denies paragraph 16 of the Complaint and demands strict proof thereof.

17. Plaintiff was terminated as a result of the gross safety violation. To the extent paragraph 17 of the Complaint states information beyond this admission, the

Defendant denies the same and demands strict proof thereof.

18. Defendant denies paragraph 18 of the Complaint and demands strict proof thereof.

19. Plaintiff filed a Charge with the Equal Employment Opportunity Commission.

20. Defendant denies paragraph 20 of the Complaint and demands strict proof thereof.

21. Defendant denies paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant reasserts all preceding paragraphs of this Answer as if fully set forth herein.

23. Admitted.

24. Defendant denies paragraph 24 of the Complaint and demands strict proof thereof.

25. Admitted.

26. Defendant denies paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant denies paragraph 27 (improperly numbered as 23) of the Complaint and demands strict proof thereof.

28. Defendant admits paragraph 28 (improperly numbered as 24) of the Complaint and demands strict proof thereof.

29. Defendant denies paragraph 29 (improperly numbered as 25) of the Complaint and demands strict proof thereof.

30. Defendant admits Plaintiff was terminated for gross safety violation. Please note paragraph 30 of the Complaint was incorrectly numbered as 26.

31. Defendant denies paragraph 31 of the Complaint (improperly numbered as 27) and demands strict proof thereof.

32. Defendant denies paragraph 32 of the Complaint (improperly numbered as 28) and demands strict proof thereof.

The "WHEREFORE" paragraph does not assert any allegations; therefore, no response is required. To the extent this Honorable Court deems a response necessary, the Defendant denies the same and demands strict proof thereof.

Respectfully submitted,

/s/ Jamie A. Johnston
_____
Thomas T. Gallion, III
Jamie A. Johnston
Attorneys for the Defendant

OF COUNSEL:

Haskell Slaughter Young & Gallion, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573      Telephone
(334) 264-7945      Facsimile

## CERTIFICATE OF SERVICE

  I hereby certify that I have this day served a copy of the foregoing upon the following by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid, this the 12th of March 2007:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103

              /s/ Jamie A. Johnston
              _____
              OF COUNSEL

#24548
83562-023