Dbt f !3;16.dw11: 82..E.DTD!!!!!Epdvn f ou2!!!!!Gjrfe!21022C3116!!!!!Qbhf !2!pg7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 OCT 11 P 1:28

| | | |
|---|---|---|
| DARRELL HINSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv971-D |
| | ) | |
| WEBSTER INDUSTRIES, | ) | ***JURY TRIAL DEMANDED*** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Darrell Hinson against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 to obtain compensatory damages and equitable relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq., and 42 U.S.C. §1981.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Darrell Hinson (hereinafter referred to as "Plaintiff"), who is over the age of 19 years, is and at all times material hereto was a member of a protected class, Black, and a citizen of the United States and the State of Alabama, residing in Montgomery County,



Dbt f !3;16.dw 11: 82. E. DTD!!!!!Epdvn f oU2!!!!!Gjrne!21/22/3116!!!!!Qbhf !3!pg7

Alabama.

4. Defendant Webster Industries (hereinafter referred to as "the employer" or "the defendant") is a business entity located in or doing business in Montgomery County, Alabama, whose further identity is presently unknown to Plaintiff.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff or others similarly situated because of race and from retaliating against Plaintiff or others similarly situated because of their opposition to unlawful employment practices or participation in proceedings arising under 42 U.S.C. § 2000e or under 42 U.S.C. § 1981. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, including back pay and a reasonable amount of front pay in lieu of reinstatement, as to which he may be entitled. Plaintiff avers that the defendant acted to deny Plaintiff his rights under the laws of the United States of America and such action was designed to intentionally discriminate against Plaintiff who is a member of a protected class, Black.

6. Plaintiff avers that the defendant's actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in obtaining employment opportunities such as promotions and continued employment.

Further, Plaintiff avers that the defendant has maintained a pattern of discrimination against Blacks in hiring, retention, and promotions.

7. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of an opportunity for continued employment, job advancement and increases in pay, as well as caused to suffer great humiliation and mental anguish from then until now.

8. Plaintiff avers that the defendant acted intentionally to deprive Plaintiff of his rights as alleged above and to cause Plaintiff mental anguish and to discriminate against him because of his race and because of his opposition to unlawful employment practices. Plaintiff filed a charge of discrimination with the EEOC. Plaintiff timely files this action after receiving his right to sue letter from the U.S. Department of Justice dated August 4, 2005.

**FACTS**

9. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

10. Plaintiff is a Black male.

11. Plaintiff was initially hired by the defendant on or about March 18, 2002, as a full-time local truck driver.

12. On or about April 14, 2004, Plaintiff was suspended from his job because of an error that constituted a safety violation.

13. On or about April 20, 2004, Plaintiff's employment was terminated as a result of the said safety violation.

-3-

14. At least one White employee committed the same violation.

15. The White employee was similarly situated to Plaintiff in all material respects.

16. The White employee was not terminated.

17. Plaintiff lost pay and benefits as a result of the discharge.

18. The adverse employment action was taken against him by a member of a non-protected group, a White male.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, complaining of the adverse employment action taken against him.

20. Plaintiff was issued a Notice of Right to Sue from the EEOC dated August 4, 2005, and therefore files this suit in a timely manner.

21. Plaintiff has suffered economic loss and severe emotional distress and mental anguish as a result of his treatment at the hands of the defendant.

## CAUSES OF ACTION

22. Plaintiff expressly adopts with respect to each cause of action as if fully set forth in each claim the allegations contained in each and all of the foregoing paragraphs.

## COUNT ONE - DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

23. Plaintiff is a member of a protected class, Black.

24. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, Black.

25. Plaintiff was subjected to an adverse employment action, termination.

22. Members of non-protected classes were not and would not have been subjected to the

-4-

employment actions visited upon Plaintiff.

23. Plaintiff has been injured thereby.

## COUNT TWO - DISCRIMINATION IN VIOLATION OF TITLE VII

24. Plaintiff is a member of a protected class, Black.

25. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, Black.

26. Plaintiff was subjected to an adverse employment action, termination.

27. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

28. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff requests the Court to:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. §1981 and 42 U.S.C. § 2000e, et seq.;

b) Permanently enjoin the defendant, his agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of sex, race or disability;

-5-

d) Grant Compensatory damages of three hundred thousand dollars as against the defendant under Title VII and three hundred thousand dollars as against the defendant under 42 USC § 1981;

e) Grant Plaintiff the cost of this action including reasonable attorney's fees;

f) Enjoin the defendant from retaliation.

g) Grant such other, further and different relief as this Court may deem just and proper to include back pay, front pay, reinstatement, and all other equitable and legal relief as to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED on this the 11th day of October, 2005.

/s/ JAY LEWIS (LEW031)

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

**_PLAINTIFF DEMANDS TRIAL BY STRUCK JURY_**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 2:05-cv-971-ID-CSC<br>) |
| CHELSEA INDUSTRIES, INC.,<br>Defendant. | ) *JURY TRIAL DEMANDED*<br>) |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Darrell Hinson against the above-captioned defendant and would show unto the Court as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 to obtain compensatory damages and equitable relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq., and 42 U.S.C. §1981.

2.  The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

**PARTIES**

3.  Plaintiff Darrell Hinson (hereinafter referred to as "Plaintiff"), who is over the age of 19 years, is and at all times material hereto was a member of a protected class, Black, and a citizen of the United States and the State of Alabama, residing in Montgomery County,

-1-

Alabama.

4. Defendant Chelsea Industries, Inc. (hereinafter referred to as "the employer" or "the defendant") is a business entity located in or doing business in Montgomery County, Alabama, whose further identity is presently unknown to Plaintiff.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff or others similarly situated because of race and from retaliating against Plaintiff or others similarly situated because of their opposition to unlawful employment practices or participation in proceedings arising under 42 U.S.C. § 2000e or under 42 U.S.C. § 1981. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, including back pay and a reasonable amount of front pay in lieu of reinstatement, as to which he may be entitled. Plaintiff avers that the defendant acted to deny Plaintiff his rights under the laws of the United States of America and such action was designed to intentionally discriminate against Plaintiff who is a member of a protected class, Black.

6. Plaintiff avers that the defendant's actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in obtaining employment opportunities such as promotions and continued employment.

Further, Plaintiff avers that the defendant has maintained a pattern of discrimination against Blacks in hiring, retention, and promotions.

7. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of an opportunity for continued employment, job advancement and increases in pay, as well as caused to suffer great humiliation and mental anguish from then until now.

8. Plaintiff avers that the defendant acted intentionally to deprive Plaintiff of his rights as alleged above and to cause Plaintiff mental anguish and to discriminate against him because of his race and because of his opposition to unlawful employment practices. Plaintiff filed a charge of discrimination with the EEOC. Plaintiff timely files this action after receiving his right to sue letter from the U.S. Department of Justice dated August 4, 2005.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

10. Plaintiff is a Black male.

11. Plaintiff was initially hired by the defendant on or about March 18, 2002, as a full-time local truck driver.

12. On or about April 14, 2004, Plaintiff was suspended from his job because of an error that constituted a safety violation.

13. On or about April 20, 2004, Plaintiff's employment was terminated as a result of the said safety violation.

14. At least one White employee committed the same violation.

15. The White employee was similarly situated to Plaintiff in all material respects.

16. The White employee was not terminated.

17. Plaintiff lost pay and benefits as a result of the discharge.

18. The adverse employment action was taken against him by a member of a non-protected group, a White male.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, complaining of the adverse employment action taken against him.

20. Plaintiff was issued a Notice of Right to Sue from the EEOC dated August 4, 2005, and therefore files this suit in a timely manner.

21. Plaintiff has suffered economic loss and severe emotional distress and mental anguish as a result of his treatment at the hands of the defendant.

## CAUSES OF ACTION

22. Plaintiff expressly adopts with respect to each cause of action as if fully set forth in each claim the allegations contained in each and all of the foregoing paragraphs.

## COUNT ONE - DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

23. Plaintiff is a member of a protected class, Black.

24. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, Black.

25. Plaintiff was subjected to an adverse employment action, termination.

22. Members of non-protected classes were not and would not have been subjected to the

-4-

employment actions visited upon Plaintiff.

23. Plaintiff has been injured thereby.

## COUNT TWO - DISCRIMINATION IN VIOLATION OF TITLE VII

24. Plaintiff is a member of a protected class, Black.

25. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, Black.

26. Plaintiff was subjected to an adverse employment action, termination.

27. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

28. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff requests the Court to:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. §1981 and 42 U.S.C. § 2000e, et seq.;

b) Permanently enjoin the defendant, his agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of sex, race or disability;

d) Grant Compensatory damages of three hundred thousand dollars as against the defendant under Title VII and three hundred thousand dollars as against the defendant under 42 USC § 1981;

e) Grant Plaintiff the cost of this action including reasonable attorney's fees;

f) Enjoin the defendant from retaliation.

g) Grant such other, further and different relief as this Court may deem just and proper to include back pay, front pay, reinstatement, and all other equitable and legal relief as to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED on this the 3rd day of March, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on the following counsel or parties, by CM/ECF, by placing a copy of such in the United States mail, properly addressed and first class postage prepaid, or by hand delivery, on this the 3rd day of March, 2007.

Hon. Thomas T. Gallion, III
Hon. Jamie A. Johnston

/s/JAY LEWIS
Jay Lewis
LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733

-6-

Fax: (334) 832-4390
J-lewis@jaylewislaw.com
ASB-2014-E66J
Counsel for Plaintiff

## *PLAINTIFF DEMANDS TRIAL BY STRUCK JURY*