## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:05cv971-ID |
| CHELSEA INDUSTRIES, INC., | ) |
| Defendant. | ) |

## AFFIDAVIT OF WILLIAM BARTON

STATE OF ALABAMA         )

COUNTY OF MONTGOMERY  )

1. My name is Bill Barton. I am over the age of nineteen.

2. I am employed by Chelsea Industries, Inc., (hereinafter referred to as "Webster") and currently hold the position of Fleet Manager.

3. I am familiar with the circumstances surrounding the above litigation.

4. On November 28, 2001, Darrell Hinson applied for a truck driver's position with Webster.

5. Mr. Hinson began his employment with Webster on March 18, 2002 as a local truck driver.

6. In 2004, Mr. Hinson was stabbed in his neighborhood. Mr. Hinson, while undergoing medical treatment, received short term disability benefits in accordance with Webster's policies.

7. Mr. Hinson returned to his employment with Webster, according to his medical documentation, without any limitation.



EXHIBIT 4

8. I did not perceive Mr. Hinson as being disabled as a result of the stabbing otherwise, I would not have let him operate his vehicle

9. On April 11, 2004, Mr. Hinson drove a trailer away from a loading dock without first pulling the dock plate and without placing the safety chains on the dock doors. Mr. Hinson pulled the trailer off the loading dock while a Webster employee was on a forklift inside Mr. Hinson's trailer.

10. After learning that a co-employee was on a forklift inside the trailer, Mr. Hinson continued to drive the vehicle.

11. Webster's safety procedures require all drivers to (1) go inside and pull the dock plate; and (2) then place safety chains across the dock doors before departing the loading dock.

12. Mr. Hinson violated Webster's safety procedures by leaving the loading dock before pulling the dock plate and before placing the safety chains across the dock doors. Mr. Hinson's failure to perform these tasks resulted in him driving off with an employee on a forklift inside the trailer.

13. Additionally, Mr. Hinson violated safety procedures by continuing to operate the trailer while knowing someone was inside the trailer on a forklift.

14. Mr. Hinson could have seriously injured or killed the co-employee inside the trailer.

15. Mr. Hinson could have caused significant damage to Webster's forklift and facilities as a result of his actions.

16. On April 14, 2004, Mr. Hinson was suspended while the incident was investigated. On April 20, 2004, Webster terminated Mr. Hinson based on the violation of the above safety procedures.

17. After Mr. Hinson was terminated, Webster internally posted Mr. Hinson's position.

18. Alvin Pugh, an African American male, was awarded Mr. Hinson's position.

19. Paul Walden, a Caucasian male, began his employment with Webster on March 19, 2003 as a local truck driver. I was Mr. Hinson's supervisor during his employment with Webster.

20. Mr. Walden, to my knowledge and according to my review of his personnel file, has never failed to pull the dock plate and place the safety chains on the dock doors before pulling away from the loading dock. Further, Mr. Walden has never knowingly driven his truck with an employee on a forklift inside his trailer.

21. Webster also employed Nels Paul Jacobson. Mr. Jacobson was an over the road truck driver for Webster. He is Caucasian. To my knowledge as Fleet Manager and my review of his personnel file, Mr. Jacobson never pulled away from the loading dock without first pulling the dock plate and then placing the safety chains on the dock doors. Mr. Jacobson, to my knowledge, never operated a truck knowing a co-employee was still inside the trailer on a forklift.

22. Any employee committing the same or similar safety violations that Hinson did would be subjected to termination.

Further Affiant sayeth not.

Dated this 20th day of November 2007.

_____
WILLIAM BARTON

STATE OF ALABAMA          *

COUNTY OF MONTGOMERY      *

I, Amanda Thomson, a Notary Public, in and for the said County in said State, hereby certify that BILL BARTON, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the foregoing instrument, executed the same voluntarily or/and as the act of said corporation.

SWORN TO and SUBSCRIBED before me this 20th day of November 2007.

_____
NOTARY SEAL                Notary Public
                           My Commission Expires: 8/4/2010

4