IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL HINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 2:05-cv-971-ID |
| | ) | |
| CHELSEA INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUR-REPLY**

COMES NOW Plaintiff, in the above styled cause, by and through his counsel of record, and Sur-Replies to Defendant's Reply to Plaintiff's Response in Opposition of Defendant's Motion for Summary Judgment as follows:

**I.     ARGUMENT**

    **A.     Defendant's newly submitted evidence demonstrates that a similar accident involving Paul Walden at Defendant's warehouse did in fact occur.**

Defendant's newly submitted evidence, in the form of a previously unseen Affidavit of Joe Thomas and an updated affidavit of William Barton, effectively changes Defendant's position regarding whether Paul Walden was involved in an accident nearly identical to Mr. Hinson's. Defendant originally stated that "there is no record of Mr. [Paul] Walden committing similar safety violations <u>much</u> <u>less</u> <u>nearly</u> <u>identical</u>, to those committed by Hinson." (Def. Br. Mem. In Supp. of Summ. J. 10) (emphasis added). Defendant's original brief avoids any discussion of facts regarding a similar accident. While this is not on overt denial of a similar accident, Defendant's sentence construction and omission of a discussion at least implies that

such an accident did not occur.

However, Defendant's Reply brief openly discusses an accident nearly identical to Mr. Hinson's. (Def. Reply Br. 19-20.) This accident was between Paul Walden and a forklift driver named Sedrick Bowman where Walden pulled away from a dock while the truck was being loaded. (Ex. 2 ¶ 7, Thomas Aff.) Thus, Defendant's Reply clearly admits that Walden was involved in a factually similar accident. Therefore, Plaintiff asks this Court to consider Defendant's recent admission while contemplating Plaintiff's Response and the weight Defendant's evidentiary arguments.

### B. Defendant's conclusion that Paul Walden followed procedure is highly suspect.

Defendant asserts that an investigation into the Walden/Bowman accident found that Walden was not at fault because he followed procedure by pulling the dock plate and securing the safety chains. (Def. Reply Br. 20.) However, a brief review of warehouse procedure combined with a simple analysis of the time required to physically move freight from the warehouse shelves to a truck trailer demonstrates such a conclusion improbable.

#### 1. Warehouse procedure.

Before pulling a truck trailer away from the docks a driver must first look to see if the trailer is loaded or empty. (Ex. 1 ¶ 3a, Hinson Aff.) If the trailer is loaded, the driver must go to the office and get a confirmation that the trailer is ready to be delivered. (Ex. 1 ¶ 3a, Hinson Aff.) After getting confirmation, or if the trailer is empty, the driver may then move onto the next procedure. (Ex. 1 ¶ 3a, Hinson Aff.) Next, the driver must pull the safety chain across the dock and pull up the dock plate, which will cover the dock entrance. (Ex. 1 ¶ 3b, Hinson Aff.)

The driver then walks outside and if a cab is not already attached to the trailer, the driver backs the cab up and hooks up the trailer. (Ex. 1 ¶ 3c, Hinson Aff.) The process of walking outside and hooking up a trailer, if necessary, takes approximately two to eight minutes. (Ex. 1 ¶ 3d, Hinson Aff.)

A truck is typically loaded with forty-four pallets. (Ex. 1 ¶ 4, Hinson Aff.) Before the pallets are loaded into the trailer, they are piled approximately twenty feet away from the empty trailer. (Ex. 1 ¶ 5, Hinson Aff.) A designated person will check the pallets to ensure that the shipment is correct. (Ex. 1 ¶ 5, Hinson Aff.) Afterward, a forklift driver will load the pallets into the truck. (Ex. 1 ¶ 5, Hinson Aff.) Loading the truck from this point takes approximately five to ten minutes. (Ex. 1 ¶ 5, Hinson Aff.)

To get the pallets stacked in front of the trailer, forklift drivers pull designated pallets from multiple places in the warehouse. (Ex. 1 ¶ 6, Hinson Aff.) Because the warehouse is large, there are multiple shelves, and the pallets are typically pulled from multiple locations, the process of pulling the pallets from the shelves and stacking them in front of the trailer takes approximately fifteen to thirty minutes. (Ex. 1 ¶ 6, Hinson Aff.)

    2.    **Analysis**

If the trailer was empty, then there was not enough time for forty-four pallets to be pulled from the shelves, stacked in front of the trailer, and then checked before Bowman could begin loading the trailer. Pulling the shelves from the stacks takes around fifteen minutes at a minimum. Additionally, the checker would take some time to determine the correct items had been pulled from the shelves. Since walking from the dock out to the truck should take a driver at most about eight minutes, there is a clear discrepancy in time. Arguably Walden may not have

known the truck was about to be loaded; however, he would have been at fault for failing to notice forty pallets stacked twenty feet in front of the trailer.

If the trailer was loaded, then Walden would have been at fault. First, assuming the loaded trailer was supposed to be unloaded, then Walden could not have followed procedure. Defendant's truck drivers are required to check with the office before pulling away a loaded trailer, thus, he would have failed to follow procedure. Second, assuming the loaded trailer was supposed to leave the dock for delivery, concluding that Bowman started unloading the trailer on his own accord is highly suspect. Since Bowman was a forklift driver, he would have been involved in pulling the pallets from the shelves and stacking them in front of the trailer and/or involved in loading the pallets from the stack into the trailer. Even assuming that Bowman was a terrible employee who constantly failed to follow Defendant's procedure, concluding that Bowman manufactured work by lowering the dock plate and removing the safety so that he could unload a trailer he just helped load is highly improbable.

## II.   CONCLUSION

WHEREFORE, the premises considered, Plaintiff prays this Court will deny Defendant's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED on this the 10th day of January, 2008.

/s/ FRED CLEMENTS
Fred Clements
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@JayLewisLaw.com
ASB-5682-R39C

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel, or by hand delivery, or by facsimile, or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid on this 10th day of January, 2008.

Jamie Austin Johnston
Thomas T. Gallion, III
Haskell Slaughter Young & Gallion LLC
PO Box 4660
Montgomery, AL 36103-4660

                                   /s/ FRED CLEMENTS
                                   Fred Clements
                                   Law Offices of Jay Lewis, LLC
                                   P.O. Box 5059
                                   Montgomery, AL 36103
                                   (334) 263-7733 (Voice)
                                   (334) 832-4390 (Fax)
                                   FredClements@JayLewisLaw.com
                                   ASB-5682-R39C