IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DARRELL HINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05cv971-ID |
| | ) |
| **CHELSEA INDUSTRIES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION TO FILE SUR-REPLY BRIEF

COMES NOW Defendant Chelsea Industries, Inc. and Webster Industries, Inc.[1], (hereinafter collectively referred to as "Webster"), and submits this opposition to Plaintiff's Motion to File Sur-Reply ("Plaintiff's Motion"). As is shown below, Plaintiff's Motion is nothing more than an improper second bite at the apple to overcome his insurmountable hurdle to demonstrate that the adverse employment decision this suit is allegedly based on, Hinson's termination, was made because of intentional discrimination :

1.  On November 21, 2007, Webster filed a Motion for Summary Judgment which demonstrates that Hinson cannot bear his burden of proof to establish that the adverse employment decision, Hinson's termination, was made because of intentional discrimination. *See St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2747-48 (1993); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984).

2.  On November 26, 2007, the Court entered an Order which stated: The plaintiff is DIRECTED to file a response to the [Defendants'] motion on or before December 10, 2007. The defendants may file a reply, if desired, on or before December 17, 2007. Thereafter, the

---

[1] Chelsea Industries, Inc., is the proper party to this action. The original Complaint named Webster Industries.

defendants' motion for summary judgment, and all pleadings and evidence filed in support of or in opposition to said motion shall be DEEMED submitted to the court. *See* Doc. # 38. The Court's order did not contemplate that Plaintiff would be provided the opportunity to submit a sur-reply brief. Thus, the Court should deny Plaintiff's Motion.

3. In violation of the Court's Order the Plaintiff has impermissibly sought to file a sur-reply brief allegedly to address "new arguments" asserted by Webster in its reply brief. Webster's reply brief did not contain any new arguments. Instead, Webster's reply brief merely addressed the Plaintiff's arguments in its opposition brief to Webster's properly supported Motion for Summary Judgment. Thus, Plaintiff's are not entitled to file a sur-reply brief. As one Federal Court of Appeals has held, where a movant does "not raise any new legal arguments in its reply ... [and mainly] point[s] out the defects in [the non-movant's] response," the non-movant is not entitled to file a sur-reply. *See Green v. New Mexico,* 420 F.3d 1189, 1196-97 (10th Cir. 2005). Webster submits that the logic underlying that decision is sound. Because Webster's Reply Brief merely pointed out deficiencies in Plaintiff's Opposition, Plaintiff's Motion should be summarily denied.

                Respectfully submitted,

                /s/ Thomas T. Gallion, III

                Thomas T. Gallion, III
                Jamie A. Johnston
                Attorneys for the Defendants

OF COUNSEL:

Haskell Slaughter Young & Gallion, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573   Telephone
(334) 264-7945   Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same via CM/ECF and in the United States Mail, sufficient first class postage prepaid, on this the 22nd day of January 2008, addressed as follows:

Jay Lewis, Esq.
Fred Clements, Esq.
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103

                                      /s/ Thomas T. Gallion, III

                                      Thomas T. Gallion, III
                                      Jamie A. Johnston

#30517
83562-023