IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 2:05-cv-971-ID |
| | ) |
| CHELSEA INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
REGARDING DEFENDANT'S MOTION TO STRIKE**

Comes now Plaintiff Darrell Hinson, by and through counsel, and would respond to the Court's order (Doc. 50), to show cause why the Court should not grant Defendant's Motion to Strike (Doc. 47) ¶¶ 14, 15, 17, 18, 20, 21, and 22 from the Affidavit of Darrell Hinson. Plaintiff responds to each of Defendant's requests to strike by referencing the paragraph number used in the Affidavit of Darrell Hinson and has attached the affidavit for reference as Exhibit 1.

**I.   ARGUMENT.**

**A.   Hinson Affidavit ¶¶ 14, 17, 21, and 22.**

Plaintiff concedes ¶ 14.[1]

Plaintiff concedes ¶ 17.[2]

---

[1] Plaintiff's Response to Defendant's Motion for Summary Judgment cites to ¶ 14 once on page 3, paragraph 1, last sentence.

[2] Plaintiff's Response cites to ¶ 17 twice: page 3, paragraph 2, middle of paragraph; and page 7, paragraph 2, middle of paragraph.

Plaintiff concedes ¶ 21.[3] Arguing to the contrary would be superfluous because Plaintiff's prima facie showing does not require proof that Walden was suspended. Factually, it is undisputed that Defendant fired Darrell Hinson but did not fire Paul Walden. Defendant's discussion of Walden's traffic accidents demonstrates that Walden was not fired (Def. Reply Br. 16-17); otherwise, no explanation would have been necessary.

While Plaintiff does not concede ¶ 22, arguing to the contrary would be superfluous because Plaintiff's Response does not cite to it.

### B.     Hinson Affidavit ¶ 15.

Defendant may properly assert that ¶ 15 is conclusory; however, striking the statement should not adversely affect Plaintiff's Response because Defendant has conceded all facts contained in ¶ 15. Defendant admitted that Paul Walden was a white truck driver working for Defendant. (Def.'s Mem. in Supp. of Summ. J. 8.) Subsequently, Defendant admitted that a similar truck accident at its warehouse involving Paul Walden in fact did occur. (Def. Reply Br. 19-20.) While Defendant's Reply brief focuses on its own determination of who committed any misconduct, Walden and Hinson's accidents are factually similar nonetheless. (Def. Reply Br. 19-21.) Finally, Defendant's discussion of the facts clearly indicates that Walden was not fired (Def. Reply Br. 19-21); otherwise, no explanation would have been necessary. Thus, due to Defendant's admissions Plaintiff's response does not need to rely on Hinson's Affidavit for factual support.

### C.     Hinson Affidavit ¶ 18.

Defendant may properly assert that ¶ 18 is based on hearsay; however, striking the

---

[3] Plaintiff's Response cites to ¶ 21 twice: page 4, top of the page; and, page 8, paragraph 2.

statement should not adversely affect Plaintiff's Response because Plaintiff's arguments are supported by Defendant's subsequent admission that a similar accident involving Paul Walden did in fact occur at Defendant's warehouse.

While Plaintiff's Response does not cite to Defendant's admission of fact, Plaintiff was unable to do so because Defendant denied that a factually similar accident occurred until filing its Reply Brief. Defendant's Brief in Support of Summary Judgment stated that "there is no record of Mr. Walden committing similar safety violations much less nearly identical, to those committed by Hinson." (Def. Br. Mem. in Supp. of Summ. J. 10.) Subsequently, Defendant's Reply brief discusses an accident involving Walden that is factually very similar to Hinson's accident. (Def. Reply Br. 19-20.) Thus, due to Defendant's recent admission, Plaintiff's Response no longer needs to depend on Hinson's affidavit for factual support.

### D.    Hinson Affidavit ¶ 20.

Paragraph 20 is based on Hinson's personal knowledge. While Plaintiff will concede that personal knowledge may have been lacking for one of Paul Walden's two road accidents, Mr. Hinson had personal knowledge for one of Walden's traffic accidents because Hinson read the information from an accident report that Walden showed to him. Because Hinson learned the information through an accident report, the public records exception under Fed. R. Evid. 803(8) applies.

Should this Court strike ¶ 20 from Hinson's affidavit, it would not adversely affect Plaintiff's Response. Plaintiff's only citation referencing ¶ 20 also includes two other citations that reference the actual traffic accident reports. (Pl. Resp. to Def. Mot. Summ. J. 3 para. 3.) All other references to Paul Walden's road accidents are cited to one or both of the accident reports.

**II.     CONCLUSION**.

For the aforementioned reasons, Plaintiff requests that this Court deny Defendant's Motion to Strike accordingly.

Respectfully submitted on this the 29th day of January, 2008.

/s/ FRED CLEMENTS
Fred Clements
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@JayLewisLaw.com
ASB-5682-R39C

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel, or by hand delivery, or by facsimile, or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid on this 29th day of January, 2008.

Jamie Austin Johnston
Thomas T. Gallion, III
Haskell Slaughter Young & Gallion LLC
PO Box 4660
Montgomery, AL 36103-4660

/s/ FRED CLEMENTS
Fred Clements
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@JayLewisLaw.com
ASB-5682-R39C